IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| WAYNE WARREN, BY AND THROUGH HIS MOTHER, NEXT FRIEND AND LEGAL GUARDIAN, POLLY ROBINSON, ) ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No.: _____ |
| ALABAMA DEPARTMENT OF MENTAL HEALTH, AND THE ESTATE OF PERRY WALKER, ) ) ) ) | |
| Defendants. ) | |

## **COMPLAINT**

## **PRELIMINARY STATEMENT**

1. This is a civil rights action brought to vindicate the plaintiff's rights under the United States Constitution, the Alabama State Constitution, and the statutory laws of the United States and the laws of Alabama.

2. Plaintiff brings this action under Title 42 U.S.C. §§ 1983[1], 42 U.S.C. § 1988 and the Rehabilitation Act of 1973, § 504, as amended, 29 U.S.C.A. § 794, and the Civil Rights Remedies Equalization Act, 42 U.S.C. § 2000d-7,[2] the Americans with Disabilities Act, as well as under various state law causes of action.

---

[1] No claim is made against the Department under § 1983.

[2] See 42 U.S.C. § 2000d-7(a)(1) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C.A. § 794]......, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.").

## STATEMENT OF THE PARTIES

3. The Plaintiff realleges and incorporates by reference each of the above proceeding paragraphs with the same force and effect as if fully set out in specific detail herein.

4. The Plaintiff, Wayne Warren, is over the age of nineteen (19) and is a resident citizen of the State of Alabama. Wayne suffers from mild to moderate retardation with an IQ in the 50's and is diagnosed with behavioral symptoms, including physical aggression.

5. Polly Robinson is the Mother, Next Friend and Legally Appointed Guardian of Wayne Warren. She was appointed as his Legal Guardian on April 12, 2005 by the Probate Court of Tuscaloosa County, Alabama.

6. The Defendant,[3] Alabama Department of Mental Health (hereinafter "ADMH" or "Department"), is an agency of the State of Alabama. ADMH formerly maintained Partlow Developmental Center (hereinafter "Partlow"), a facility for individuals with developmental or mental disabilities. Partlow was closed by ADMH but was open while Wayne Warren resided there.

7. The Defendant, the Estate of Perry Walker, is an entity that was created in the Probate Court of Tuscaloosa County, Alabama.

8. Tuscaloosa attorney Joel Dorroh is the legally appointed Administrator of the Estate of Perry Walker.

9. Perry Walker died in 2005 after the incident occurred which forms the basis of this Complaint.

10. The claim is being brought against his Estate. The Estate of Perry Walker is being sued for the misconduct of Perry Walker, performed in his individual

---

[3] The Plaintiff notes that typographical errors might occur in this and subsequent Complaints and in other pleadings relating to the characterization of the Defendants, whether in their official or individual capacities. The improper labeling of an individual Defendant could have a significant impact upon recoverable damages. For this reason, the Plaintiff states that mislabeling an individual Defendant as being sued in their official capacity or individual capacity, does not constitute a waiver of damages against the Defendants.

capacity, while he was an employee of Partlow. The claims against Perry Walker relate to his violation of detailed rules and regulations of ADMH that prohibit the abuse, neglect, mistreatment or exploitation of ADMH patients.

## STATEMENT OF FACTS

11. The Plaintiff realleges all prior paragraphs of the Complaint as if set out fully herein.

12. On April 2, 2005, Wayne Warren was a resident of Partlow. His roommate was client R.G., who was also a resident at Partlow. Wayne resided at Partlow as a result of mild mental retardation. When Partlow closed, Wayne moved to a group home.

13. Perry Walker was an employee of Partlow. He was employed as a Mental Health Worker I. The duty of a Mental Health Worker is to ensure patient safety and help the patient with their activities of daily living. They are not allowed to provide any medical care to the Partlow resident.

14. ADMH has a policy that prohibits abuse, neglect, mistreatment or exploitation of a resident of a ADMH facility. Partlow's version of this rule is Partlow Policy 19-10.

15. Partlow Policy 19-10 states, "Any form of client abuse, neglect, exploitation or mistreatment will not be tolerated. The DMH/MR will immediately investigate and will provide for appropriate legal and administrative actions."

16. Wayne Warren is a male client of ADMH. He suffers from mild mental retardation. These conditions render him disabled within the meaning of §504.

17. At the time of the allegations in the Complaint, R. G. resided in apartment 10D of the Partlow in Tuscaloosa, Alabama. Wayne Warren now resides in a group home following the closure of Partlow.

18. On April 2, 2005, Wayne Warren was in his room with his roommate, R.G.[4] Perry Walker was the Mental Health Worker assigned to R.G.

---

[4] Initials are being used for this resident of Partlow because he has brought suit in the past against ADMH and Mental Health Workers at Partlow for sexual assault by a co-resident.

19. R.G. has a history of mild to moderate mental retardation, partial paralysis, and cerebral palsy. For these reasons, he was a resident of Partlow.

20. R.G. was upset and did not want his diaper changed. He was throwing feces at Perry Walker. R.G.'s behavior of throwing feces was a well-documented behavior in his Special Considerations Sheet and his Individual Support Plan. All Mental Health Workers taking charge of R.G., including Perry Walker, would have known of his propensity for such conduct and would have been trained in how to handle this conduct.

21. Rather than following the prescribed method of dealing with R.G.'s outburst, Perry Walker used another patient to strike R.G. Walker instructed patient Wayne Warren to assault R.G. At the instruction of Walker, Wayne punched R.G. in the face.

22. It is a violation of Partlow Policy 19-10 to abuse, mistreat or exploit a mental health patient. Instructing a patient to strike another patient constitutes abuse, exploitation and mistreatment in violation of Policy 19-10. Walker did not have any discretion to violate Policy 19-10. His duties are purely ministerial and not discretionary. Thus, he is not entitled to discretionary function or state-agent immunity for his abuse, mistreatment and exploitation of Wayne Warren.

23. ADMH Policy 19-25 requires ADMH to report all instance of abuse, neglect, exploitation and mistreatment to the Department of Human Resources. The policy states, "In accordance with state law, the Department of Mental Health [ ] shall report to the Department of Human Resources (DHR) cases of abuse, neglect, or exploitation involving persons receiving services in state operated DMH/MR residential facilities (with the exception of psychiatric nursing home(s)) when there is reasonable cause to suspect that abuse, neglect or exploitation has occurred."

24. Upon information and belief, ADMH violated Policy 19-25 and did not report to DHR that Perry Walker instructed Wayne Warren to assault R.G. on April 2, 2005.

25. Walker failed to protect Wayne Warren from abuse and exploitation. He also failed to report, as required by ADMH rules and regulations, the assault of a patient. At all times, he was engaged in ministerial duties and had no

discretionary duties.

## COUNT I
## CIVIL ACTION FOR DEPRIVATION OF RIGHTS
## 42 U.S.C. § 1983

26. The Plaintiff realleges and incorporates by reference each of the above proceeding paragraphs with the same force and effect as if fully set out in specific detail herein.

27. This Count is brought against the individual defendant in his individual capacity.

28. Disabled patients such as the plaintiff who are entrusted to the care of the Department have a liberty interest in their personal safety and bodily integrity which is protected by the Due Process Clause of the 14th Amendment. U.S.A. Const. Amend. 14.

29. Walker, who was responsible for the care, well-being and protection of Wayne Warren, while acting under color of state law, statute, ordinance, regulation, custom and usage, subjected Wayne Warren to unequal protection under the law of the United States by failing to exercise due care and by instructing him to assault another patient in violation of rules and regulations of ADMH that specifically prohibit the abuse and exploitation of Partlow residents.  He exploited and abused Wayne Warren in violation of Partlow Policy 19-10 by instructing Wayne Warren to assault patient R.G.

30. Physical abuse may rise to a level of a constitutional violation, for purposes of the § 1983 claim, and, in making that determination, courts consider whether the abuse is literally shocking to the conscience.  42 U.S.C. § 1983.

31. On April 2, 2005, Perry Walker failed to adequately safeguard Wayne Warren, failed to carry out his ministerial duties, physically abused, mistreated and exploited Wayne Warren, and/or failed to report his abuse, mistreatment and exploitation of Wayne Warren as required by Partlow Policy 19-10.

32. The failure to protect the plaintiff and to provide adequate security and care for him  were the result of the deliberate indifference of the defendant to his safety and security.

33. As a proximate result thereof, Wayne Warren suffered injury and harm.

## COUNT II
## § 504 OF THE REHABILITATION ACT OF 1973

34. The Plaintiff realleges and incorporates by reference each of the above proceeding paragraphs with the same force and effect as fully set out in specific detail herein.

35. The Rehabilitation Act of 1973 provides a private cause of action prohibiting discrimination against handicapped individuals under any program or activity receiving federal financial assistance. Rehab. Act 1973, § 504, as amended; 29 U.S.C.A. § 794.

36. This Count is brought against ADMH as a recipient of federal funds for monetary damages and other relief available under §504.

37. Wayne Warren suffers from mild to moderate mental retardation and physical impairments. As a result, he was placed involuntarily in a state-operated mental health facility. His mental and physical impairments substantially limit his ability to enjoy major life activities outside of Partlow. He is disabled within the meaning of §504.

38. The Department and Partlow provided residential services to those disabled individuals who are in need of institutional care. The Department and Partlow provided services for patients of all ages from infants to seniors with the assistance of state funds, Medicaid, home- and-community-based waiver federal funds, Part C federal funds from the U.S. Department of Education and other funding sources. According to the ADMH general budget for 2006-2007, ADMH received approximately $502,537,476 in federal financial assistance for the 2006-2007 operating year.[5] As a recipient of the federal financial assistance, the Department is subject to the terms of §504 of the Rehabilitation Act of 1973, as amended.

39. States waive their 11th amendment immunity to suit under §504 by accepting federal funds used for the care and treatment of the mentally disabled. Garrett

---

[5] See, www.mh.alabama.gov/COPI/MediaCenter/AnnualReport/COPI80821_AnnualReport_FY07.pdf.

   v. University of Alabama at Birmingham Bd. of Trustees, 344 F.3d 1288, 1293 (11th Cir. 2003); see also, 42 U.S.C. § 2000d-7(a). The United States Supreme Court specifically held that a private right of action is created under § 504. See, Barnes v. Gorman, 536 U. S. 181 (2002).

40. The Federal Government may condition receipt of federal funds upon a waiver of state sovereign immunity. See Atascadero State Hosp. v. Scanlon, 473 U.S. at 238 n. 1, 105 S.Ct. 3142 (noting that "a State may effectuate a waiver of its constitutional immunity...but otherwise waiving its immunity to suit in the context of a particular federal program").

41. The Rehabilitation Act and the Civil Rights Remedies Equalization Act provide for the clear and unambiguous waiver of the State's sovereign immunity upon the state's receipt of federal funds. 42 U.S.C. 2000d-7(a) "manifests an unmistakable intent to condition federal funds on a state's waiver of sovereign immunity."

42. The Rehabilitation Act conditions the receipt of federal funds under the Rehabilitation Act upon a state's agreement to forego the 11th Amendment defense. Nihser v. Ohio, E.P.A., 269 F.3d at 628.

43. The physical abuse and denial of those rights provided by the laws and constitution of the United States, as well as state rights, suffered by the plaintiff, entitles him to recovery against the named department under §504.

44. Wayne Warren is entitled to all the damages for his State and federal rights pled in this Complaint including, but not limited to, damages for emotional distress. The United States Supreme Court in Schultz v. Young Men's Christian Associates of the United States, 139 F.3d 286, 291 (1st Cir. 1998), suggested that in a suit under § 504, "damages for emotional distress [might] be justified to punish patent misbehavior or the deliberate infliction of humiliation."

45. Wayne Warren was abused, mistreated and exploited by a Mental Health Worker. He was subjected to physical abuse, humiliation, deliberate indifference, neglect, exploitation and/or mistreatment. His treatment was degrading, humiliating and shocking to the conscience of members of our society. The Mental Health Worker, Perry Walker, assigned to protect and care for Wayne Warren, failed in his ministerial duties by failing to protect him

from abuse, neglect, mistreatment and exploitation and by subjecting him to abuse, mistreatment and exploitation.

46. The conduct of Perry Walker meets any intentionality requirements of §504.

47. The remedies, procedures and rights set for in Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d et seq.) are available to any person aggrieved by any act or failure to act by any recipient of federal assistance or federal provider of such assistance under § 794 of the Rehabilitation Act of 1973.  29 U.S.C. § 794(a)(2).

48. The United States Supreme Court's decision in Franklin v. Gwinnett County Public Sch., 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), now provides the dispositive analysis for determining what remedies are available under the Rehabilitation Act.  In Franklin, the Supreme Court reaffirmed the longstanding principle that "where legal rights have been invaded, and the federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the law done."  Franklin, 503 U.S. 60, 112 S.Ct. at 1033 (quoting Bell v. Hood, 327 U.S. 678, 684, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946)).

49. As a proximate result of the department's violation of the requirements of §504, Wayne Warren suffered injury and harm.

## COUNT III
## NONCOMPLIANCE WITH MINISTERIAL DUTIES

50. The Plaintiff realleges and incorporates by reference each of the above proceeding paragraphs with the same force and effect as fully set out in specific detail herein.

51. Walker was responsible for following the rules, regulations, policies and/or procedures of the Department. He negligently and/or wantonly failed to follow these policies and procedures.  He failed to use due care in carrying out his responsibilities.  The acts and/or omissions constitute violations of ministerial rather than discretionary duties.

52. Walker instructed Wayne Warren to assault patient R.G.  This was physical abuse and exploitation of Wayne Warren by Walker in violation of ADMH

rules and regulations. Walker had no discretion in the violation of these rules and was engaged in ministerial duties at the time he instructed Wayne Warren to assault another patient.

53. It is a violation of policies and procedures at Partlow to physically abuse, neglect, exploit and/or mistreat a patient.

54. It is a violation of policies and procedures of Partlow to fail to report physical abuse, neglect, exploitation and/or mistreatment of a patient.

55. Monetary damages are not sought under this Count against the Department or against individual Defendants sued in their official capacities.

56. As a proximate result thereof, Wayne Warren suffered injury and harm.

## COUNT IV
## COMBINING AND CONCURRING

57. The Plaintiff realleges and incorporates by reference each of the above proceeding paragraphs with the same force and effect as fully set out in specific detail herein.

58. The actions of the Defendants combined and concurred to cause harm to the Plaintiff.

59. Monetary damages are not sought under this Count against the Department or against individual Defendants sued in their official capacities.

60. As a proximate result thereof, Wayne Warren suffered injury and harm.

## COUNT V
## VIOLATIONS OF NONDISCRETIONARY RULES

61. The Plaintiff realleges and incorporates by reference each of the above proceeding paragraphs with the same force and effect as fully set out in specific detail herein.

62. Walker violated clearly established rules and guidelines promulgated by ADMH when he instructed Wayne Warren to assault another patient.

63. Walker violated ADMH rules and regulations when he abused, exploited, and mistreated Wayne Warren. He also violated rules and regulations by failing to report his abuse. The failure to follow these policies constitute violations of ministerial rather than discretionary functions. Thus, Walker is precluded from claiming immunity in this action.

64. Walker failed to follow Partlow policies which prohibit the physical abuse, neglect, exploitation and/or mistreatment of a patient. These policies also prohibit the failure to report physical abuse, neglect, exploitation and/or mistreatment.

65. Monetary damages are not sought under this Count against the Department or against individual Defendants sued in their official capacities.

## COUNT VI
## TORT OF OUTRAGE

66. The Plaintiff realleges all prior paragraphs of the Complaint as if set out fully herein.

67. By using Wayne Warren as an "enforcer" and instructing Wayne to hit a mental health patient, Walker was abusing his power, physically abusing Wayne Warren and exploiting Wayne. This conduct is so atrocious as to be outside the bounds of common decency in a civilized society.

68. As a proximate result, Wayne Warren suffered injury and harm.

## COUNT VII
## ASSAULT

69. Walker physically assaulted Wayne Warren, mistreated him and exploited him by instructing him to assault another mental health patient.

70. As a proximate result of the physical assault and exploitation, Wayne Warren suffered injury and harm.

## COUNT VIII
## HARASSMENT UNDER ADA AND REHABILITATION ACT

71. Wayne Warren was subjected to unlawful harassment by Walker, an employee of ADMH.

72. It is unlawful under the Rehabilitation Act to harass a disabled person. See, e.g., Gaither v. Barron, 924 F. Supp. 134 (M.D. Ala. 1996).

73. "EEOC regulations to the ADA state that 'it is unlawful to coerce, intimidate, threaten, harass or interfere with any individual in the exercise or enjoyment of ... any right granted or protected by this part.'" Haysman v. Food Lion, 893 F. Supp. 1092 (S. D. Ga. 1995) (citing 29 C.F.R. § 1630.12).

74. As a proximate result, Wayne Warren suffered injury and harm.

## COUNT IX
## NEGLIGENCE AND/OR WANTONNESS

75. The Plaintiff realleges all prior paragraphs of the Complaint as if set out fully herein.

76. The Defendants acted negligently and/or wantonly in their care of Wayne Warren while he was a patient at Partlow.

77. The Defendants had a duty to protect Wayne Warren from harm and failed in this duty.

78. As a proximate result, Wayne Warren suffered injury and harm.

## REQUEST FOR RELIEF

79. For the conduct listed herein above, the Plaintiff respectfully requests the following relief:

   a. compensatory damages, punitive damages, attorney fees, costs and all other allowable recovery in such an amount as a jury or finder of fact may award against the Defendants in their individual capacity.

   b. The Plaintiff does not seek monetary damages under the state law claims against the Department or any individual defendant sued in their official capacity. The only monetary damages sought are under statutory and

  state law claims against the individual Defendants sued in their individual capacities as well as monetary damages sought against the Department under the Rehab Act, as well as attorney fees, interest and costs.

c. All other such further in any way available at law or in equity.

**<u>JURY DEMAND</u>**

The Plaintiff demands a trial by jury of all issues so triable in the case.

Respectfully submitted this 11th day of October, 2016.

             /s J. Michael Comer
             J. Michael Comer
             Patterson Comer Law Firm
             303 Main Ave., Ste. A
             Northport, AL 35476
             (205) 759-3939 Ph.
             (205) 759-3931 Fax

**SERVICE ADDRESSES**

Nancy Jones
ADMH Legal Office
1651 Ruby Tyler Pkwy.
Tuscaloosa, AL  35404

Alabama Department of Mental Health
RSA Union Building
100 North Union Street
Montgomery, AL 36130-1410

Joel F. Dorroh
Administrator of the Estate of Perry Walker
Dorroh & Associates
1800 McFarland Blvd N
Suite 180
Tuscaloosa, AL  35406

                                                                /s J. Michael Comer
                                                                Of Counsel