FILED
2017 Apr-06  AM 11:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **WAYNE WARREN, by and through his** | } | |
| **Mother, next friend and legal guardian,** | } | |
| **Polly Robinson,** | } | |
| | } | |
| **Plaintiff,** | } | **Case No.:   7:16-cv-01666-RDP** |
| | } | |
| **v.** | } | |
| | } | |
| **ALABAMA DEPARTMENT OF** | } | |
| **MENTAL HEALTH, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on the Motion to Dismiss (Doc. # 6) filed by Defendants Alabama Department of Mental Health ("ADMH") and Estate of Perry Walker ("the Estate"). The parties have fully briefed the motion.   (Docs. # 9, 11, 16-17).   This motion presents the issue of whether the court may be compelled to apply a state statute of limitations but disregard a directly relevant tolling provision for that statute of limitations, based on the court's finding that the tolling provision is inconsistent with the purposes of federal law.   Surprisingly, ADMH, an Alabama state agency, is asking the court to selectively apply state law.   The court concludes that it cannot.   Accordingly, for the reasons explained below, Defendants' motion to dismiss (Doc. # 6) is due to be denied.

## I.    Procedural Background and Relevant Facts

In October 2016, Plaintiff filed a complaint against Defendants ADMH and the Estate. (Doc. # 1).   The complaint charges that ADMH violated Section 504 of the Rehabilitation Act and the Americans with Disabilities Act ("ADA").   (*See id.* at ¶¶ 34-49, 71-74).   Moreover, ADMH

allegedly committed negligence or wanton conduct by failing to protect Plaintiff from harm.   (*See id.* at ¶¶ 75-78).   Plaintiff alleges that Perry Walker, a mental health worker at Partlow Developmental Center ("Partlow"), deprived Plaintiff of his constitutional liberty interest in personal safety and bodily integrity, in violation of 42 U.S.C. § 1983.   (*Id.* at ¶¶ 26-33).   Plaintiff also presents state law claims of outrage, assault, negligence, and wantonness against the Estate, along with an ADA claim.   (*See id.* at ¶¶ 66-78).

According to the complaint, Plaintiff "suffers from mild to moderate retardation" and has an IQ score in the 50s.   (*Id.* at ¶ 4).   Plaintiff resided at Partlow before it was closed.   (*Id.* at ¶ 6).   While living at Partlow, Plaintiff shared an apartment with another patient, referred to as R.G.   (*Id.* at ¶¶ 12, 17).   On April 2, 2005, R.G. threw feces at Walker.   (*Id.* at ¶ 20).   In response, Walker instructed Plaintiff to assault R.G., and Plaintiff punched R.G. in the face.   (*Id.* at ¶ 21).   Walker's instruction to Plaintiff allegedly violated Partlow Policy 19-10 and constituted abuse, exploitation, and mistreatment.   (*Id.* at ¶ 22).   ADMH is alleged to have violated its own policies by failing to report Walker's assault instruction to the Alabama Department of Human Resources.   (*Id.* at ¶¶ 24-25).

Defendants have filed a motion to dismiss all claims in this action as time barred.   (Doc. # 6 at 2-3).   Defendants note that neither the Rehabilitation Act nor the ADA has an independent statute of limitations.   (*Id.* at 2).   As such, those claims are subject to the most analogous statute of limitations under Alabama law: the two-year statute of limitations for personal injury actions.   (*Id.*).   That statute of limitations also applies to Plaintiff's negligence, wantonness, and outrage claims.   (*Id.*).   A six year statute of limitations applies to Plaintiff's assault claim.   (*Id.*).   As

Defendants note, the incident at issue occurred over eleven years before this action was filed, well outside of the ordinary limitations periods.   (*Id.* at 3).

Plaintiff responds that this case falls under the tolling provisions of Alabama Code § 6-2-8(a) because of his mental incompetence.   (Doc. # 9 at 1).   ADMH petitioned the Probate Court of Tuscaloosa County to appoint a legal guardian for Plaintiff in February 2005.   (*Id.* at 2). In April 2005, the probate court found that Plaintiff was incapacitated because of his intellectual disability and appointed Plaintiff's mother as his guardian.   (*Id.* at 3).   Plaintiff argues that Section 6-2-8 tolls the statute of limitations for all claims brought by him for twenty years because he has been mentally incapacitated for his entire life.   (*Id.* at 5).   He notes that the court's application of the tolling provision is not affected by the appointment of a guardian for him.   (*Id.* at 4-5) (discussing *Emerson v. S. Ry. Co.*, 404 So. 2d 576 (Ala. 1981)).   As this case was filed eleven years after the incident in question, Plaintiff requests that the motion to dismiss be denied. (*Id.* at 7).

Defendants' reply brief does not contest Plaintiff's claim that his disability qualifies him for tolling under Section 6-2-8(a).   (*See* Doc. # 11 at 3-4 n. 2).   Defendants' reply also withdraws their earlier request to dismiss all claims in this action as untimely.   (*See id.*).   Rather, Defendants now argue that the state tolling provision in Section 6-2-8 does not apply to the federal law claims in Plaintiff's case (*i.e.*, the claims under 42 U.S.C. § 1983, the Rehabilitation Act, and the ADA). (*Id.* at 5).   In support, Defendants cite a case from the former Fifth Circuit, *Miller v. Smith*, 615 F.2d 1037 (5th Cir.) ("*Miller I*"), *amended on rehearing*, 625 F.2d 43 (5th Cir. 1980) ("*Miller II*"). (*Id.* at 3-4).   Relying on *Miller I*, Defendants insist that the court should not apply the tolling provision in Section 6-2-8 because it is inconsistent with the purposes of Section 1983, the

3

Rehabilitation Act, and the ADA.   (*Id.* at 5).   This is so because "the filing of this action so long after the alleged event in question . . . accomplishes very little, if anything, with respect to addressing or vindicating the Plaintiff's civil rights."   (*Id.*).   Moreover, Defendants argue that Plaintiff's guardian could have brought this suit earlier.   (*Id.*).

## II.       Standard of Review

A statute of limitations defense is an affirmative defense, and a plaintiff is not obligated to negate a timeliness defense in his or her complaint.   *La Grasta v. First Union Securities*, *Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).   "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is facially apparent that the claim is time-barred."   *Baker v. Sanford*, 484 F. App'x 291, 292 (11th Cir. 2012).

## III.      Analysis

Defendants argue that the federal claims in this suit are time-barred, notwithstanding the complaint's allegations of Plaintiff's intellectual disability.   The court disagrees.

The federal statutes pursuant to which Plaintiff is asserting claims (42 U.S.C. § 1983, the Rehabilitation Act, and the ADA) do not contain independent statutes of limitations; therefore, those claims are governed by the most analogous state statute of limitations.   In this case, the most analogous limitations period is Alabama's two-year statute of limitations for personal injury actions.   *See* Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.").   Thus, the statute of limitations in Alabama for Section 1983 claims is two years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that Section 1983 actions are governed by the residual or general personal injury statute of limitations in states with more than one statute of

limitations).   And, the statute of limitations in Alabama for Rehabilitation Act claims and ADA claims is also two years.   *Everett v. Cobb Cty. Sch. Dist.*, 138 F.3d 1407, 1409-10 (11th Cir. 1998) (adopting the state's statute of limitations for personal injury actions to ADA and Rehabilitation Act claims).

Alabama law includes a disability tolling provision for its civil statutes of limitations.

If anyone entitled to commence any of the actions enumerated in this chapter . . . is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action, make entry, or defend.   No disability shall extend the period of limitations so as to allow an action to be commenced, entry made, or defense made after the lapse of 20 years from the time the claim or right accrued.

Ala. Code § 6-2-8(a).   The Alabama Supreme Court has emphasized that "[s]ection 6-2-8 demonstrates legislative response to the need to protect individuals suffering under certain disabilities."   *Emerson*, 404 So. 2d at 578.   In accordance with that purpose, the Alabama Supreme Court has held that the tolling provision applies even if, as in this case, the injured party is represented by a guardian or representative who does not fall within the protection of Section 6-2-8.   *Id.* at 579 ("These cases demonstrate the fact that the right of action resides in the injured party and not in the guardian or representative.   . . .   It is clear to us . . . that failure on the part of the representative to file or pursue this claim within the limitation period does not bar recovery where § 6-2-8 is applicable.").

Here, accepting all well-pleaded factual allegations in the complaint as true and construing the facts in the light most favorable to Plaintiff, it is not facially apparent that Plaintiff's claims are time-barred, given Alabama's generous tolling provision for individuals suffering from

intellectual disabilities.[1]   Defendants' argument that the court should disregard Alabama's tolling provision when considering the timeliness of Plaintiff's federal claims cuts no ice.   The former Fifth Circuit case cited by Defendants concluded that the application of a Texas tolling provision for imprisoned individuals would frustrate the intent of Section 1983 to provide effective vindication of constitutional rights.   *Miller I*, 615 F.2d at 1042.   The former Fifth Circuit held that a prisoner's limitations period should be tolled for the time that he lacked unimpeded access to the federal courts, but should not be tolled for the period where he was imprisoned and had free access to the federal courts.   *Id.*   However, the *Miller* litigation did not end there.   Following the Supreme Court's opinion in *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478 (1980), the *Miller* panel granted a petition for rehearing and essentially reversed its holding from *Miller I*.   *Miller II*, 625 F.2d at 44.   In light of *Tomanio*, the *Miller* panel held that "the prisoner was entitled to the benefit of a Texas tolling statute according to its express terms."[2]   *Id.*   Likewise, Plaintiff is entitled to benefit from Section 6-2-8(a)'s tolling provision according to its express terms, not according to Defendants' selective, result-oriented invocation of state law.

## IV.   Conclusion

For the above reasons, Defendants' motion to dismiss (Doc. # 6) is due to be denied.   An order consistent with this opinion will be entered.

---

[1]   Notably, Defendants have decided to not contest whether Plaintiff is eligible for statutory tolling of the limitations period due to his intellectual disability at this time.   (Doc. # 11 at 3-4 n. 2).

[2]   The Supreme Court's subsequent opinions on borrowing analogous state law statutes of limitations support *Miller II*.   In *Hardin v. Straub*, the Supreme Court held that a Michigan state law tolling provision for prisoners was not inconsistent with Section 1983 and should be applied to toll the limitations period for Michigan prisoners.   *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989).   The *Hardin* Court cautioned against "unravel[ling] state limitations rules unless their full application would defeat the goals of the federal statute at issue."   *Id.* at 539.

**DONE** and **ORDERED** this April 6, 2017.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE