UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **WAYNE WARREN, by and through his mother, next friend and legal guardian. POLLY ROBINSON,** | )<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | )     CASE NO. 7:16-CV-01666-JHE |
| **ALABAMA DEPARTMENT OF MENTAL HEALTH and the ESTATE OF PERRY WALKER** | )<br>)<br>)<br>) |
| **Defendants.** | )<br>)<br>) |

## MOTION FOR PROTECTIVE ORDER

Defendants in the above-styled action, pursuant to Federal Rule of Civil Procedure 26(c), respectfully request that the Court enter a protective order allowing the Parties to produce and thereafter appropriately protect confidential information, including health-related information, during the litigation of this action. Defendants are authorized to represent to the Court that the Parties agree to the terms set forth below:

      1.    **Nondisclosure of Stamped Confidential Documents**. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this Order, no "stamped confidential document" may be disclosed to any person. A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Confidential" to signify that it

1

contains information believed to be subject to protection under the applicable Federal Rules of Civil Procedure and this Order. For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced pursuant to a request for production, subpoena duces tecum, subpoena, by agreement, or by any other means. Interrogatory answers, responses to request for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summaries, or contain material entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection. Any party may designate any document produced in this litigation as confidential notwithstanding whether it is the original producing party, subject to the provisions of Paragraph 3 of this Order. Any third party producing documents pursuant to a subpoena shall be provided with a copy of this Order and shall be permitted to designate any document it produces as confidential pursuant to the terms of this Order.

  **2.**  **Permissible Disclosure**. Notwithstanding the provisions of Paragraph 1 herein, stamped confidential documents may be disclosed to counsel for the Parties in this action who are actively engaged in the conduct of this specification action as specified in the style above; to the partners, associates, secretaries, paralegal assistance, technological assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court). Such documents also may be disclosed:

 a. to the Parties to this action for use in the litigation of this action;

 b. to any person designated by the Court in the interest of justice, upon such terms as the Court may deem just and proper;

    c. to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, sorting, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third party contractors performing one or more of these functions, including professional reproduction services; provided, however, that in all such cases the individual to whom disclosure is to be made has signed, and counsel for the relevant party has maintained a form containing:

        i. a recital that the signatory has read and understands this Order; and

        ii. a recital that the signatory understands that unauthorized disclosure of the stamped confidential documents may constitute contempt of Court.

    d. If a party marks confidential material with the additional designation "CONFIDENTIAL-ATTORNEYS' EYES ONLY," then that material shall not be disclosed to anyone other than counsel of record for the parties and personnel directly employed by counsel of record. If either party seeks broader disclosure of the material, counsel shall confer in good faith to negotiate appropriate redactions and restrictions that would allow such disclosure before bringing the matter to the attention of the Court.

    **3.** **Declassification**. If a party to this Order who is to receive any stamped confidential documents produced in accordance with this Order disagrees with respect to its designation as confidential, in full or in part, it shall notify the designating party in writing, and the Parties will thereupon confer in good faith as to the status of the subject information proffered within the context

of this Order. If the Parties are unable to agree upon the status of the subject information, the designating party shall have 3 business days following the Parties' failure to resolve the matter informally to raise the issue of such designation with the Court. If the designating party fails to file a motion for a protective order within 3 business days after any effort to resolve the issue has failed, the designated material shall become non-confidential. In any disagreement over a designation of confidentiality, the designating party bears the burden of proving that the designated information is protected under the Federal Rules of Civil Procedure.

    **4.**    **Protected Health Information of Parties and Non-Parties.** Documents relevant to the issues in this case may constitute or contain protected health information of parties and nonparties protected by the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936. HIPAA requires a qualified protective order by a court having jurisdiction over a dispute before production by a healthcare provider of documents and records containing protected health information of parties or non-parties. 45 C.F.R. § 164.512(e)(1). The parties acknowledge and agree that documents and records in the possession of the Alabama Department of Mental Health ("ADMH") sought in discovery may contain protected health information that cannot be released by ADMH pursuant to HIPAA without a qualified protective order. The healthcare facilities operated by the ADMH shall produce any discoverable documents or records containing protected health information of parties and/or non-parties in possession of said ADMH facilities in response to discovery requests served pursuant to the Federal Rules of Civil Procedure upon entry of a HIPPA qualified protective order by this Court.

    Additionally, a third party or non-party who is provided with a subpoena requesting the production of documents at a deposition or trial to disclose Protected Health Information is

authorized such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in the foregoing permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in the foregoing shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than the attorney of a party. At the conclusion of this action, all recipients of the Protected Health Information shall return to the patient party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order.

The parties agree that the above provisions shall apply to all Protected Health Information, whether maintained by ADMH, any third party, or any non-party in this action.

**5.     Confidential Information in Depositions**.

    a. A deponent may during any deposition be shown and examined about stamped confidential documents if the provisions of Paragraph 2.c are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in Paragraph 2.c. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

b. Parties (and deponents) may, within 7 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential – Subjection to Protection Pursuant to Court Order." Until expiration of the 7-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

6. **Confidential Information at Trial**. Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives ten (10) days advance notice to counsel for any party or other person that the designated the information as confidential. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information, and, if so, what protection, if any, may be afforded to such information at trial.

7. **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or order production of stamped confidential documents that a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designate the document as confidential of the pendency of such subpoena or order.

8. **Filing**. Stamped confidential documents need not be filed with the clerk except when required in connection with motions or other evidentiary matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped confidential documents.

9. **Restricted Copying**. If a document contains information so sensitive that its reproduction should be limited, it shall bear the additional legend "Copying Restricted." Such documents can be saved within the receiving party's document management system, but must be saved in a manner that alerts users of the document management system that the document is restricted and cannot be reviewed, printed, copied, or saved elsewhere without authorization from a designated member of the litigation team. Such documents shall not be printed except for the purpose of use in depositions or filing under seal with the Court. Application for relief from this restriction against copying may be made to the Court, with notice to counsel so designating the document, or the Parties may themselves agree in writing to allow copying of such documents under terms and conditions negotiated by them.

10. **Use**. Persons obtaining access to stamped confidential documents under this Order shall use the information only for preparation and trial of this specific action/litigation specified in the style above (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings.

11. **Modification Permitted**. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

12. **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in Court under seal.

13. **No Waiver**.

    a. Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidential of the documents or objections to production.

    b. The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality, provided that the party believing the document or information to be confidential takes prompt, reasonable steps upon learning of the disclosure to inform other parties of the assertion of confidentiality.

    **c.** In addition, nothing in this Order shall be deemed a waiver of the Parties' rights to (i) oppose any subsequent motion for protective order; or (ii) to oppose any objection by the other party to the production of materials or documents in response to requests for discovery in this litigation.

14. **Return of Documents**. Within 30 days after all matters in this lawsuit have been finally resolved, including but not limited to any appeal and proceeding on remand, counsel for a party that produced material marked "Confidential" may request in writing the return or destruction of all such documents (including physical or electronic copies of such documents, if any), from the party to which they were produced. Upon receipt of such a timely request, the responsive documents shall be returned to the counsel or the producing party or destroyed, except

that the returning party may retain a log of produced documents which may identify the individual documents being returned in a manner that does not breach their confidentiality.

**15.** Any document produced in accordance with this Order shall be deemed authentic, as a true and correct copy of the original. Notwithstanding the foregoing, nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to the contest the alleged relevancy, discoverability, or admissibility of the confidential documents and information sought.

WHEREFORE, to facilitate the prompt production of documents and the appropriate protection for confidential materials produced in this action, Plaintiffs respectfully request that the Court enter a protective order in this action.

Dated: November 9, 2017                    Respectfully submitted,

*/s/* Thomas B. Klinner
Thomas B. Klinner (KLI003)
Alabama Department of Mental Health
Bureau of Legal Services
100 North Union Street
Montgomery, Alabama 36130
Telephone No.: (334) 242-3038
Email: tommy.klinner@mh.alabama.gov

*/s/* Edward C. Hixon
Edward C. Hixon (HIX003)
Alabama Department of Mental Health
Bureau of Legal Services
100 North Union Street
Montgomery, Alabama 36130
Telephone No.: (334) 242-3038
Email: eddie.hixon@mh.alabama.gov

> */s/* Nancy S. Jones
> Nancy Jones (JON032)
> Alabama Department of Mental Health
> 1651 Ruby Tyler Parkway
> Tuscaloosa, Alabama 35404
> Email: nancy.jones@mh.alabama.gov

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have caused a copy of the foregoing to be served on all counsel of record by electronic mail this the 9th day of November, 2017.

> */s/* Thomas B. Klinner
> Thomas B. Klinner (KLI003)
> Alabama Department of Mental Health

| | |
|---|---|
| J. Michael Comer, Esq. | Terri Tompkins, Esq. |
| Patterson Comer Law Firm | Phelps, Jenkins, Gibson and Fowler, LLP |
| 303 Main Ave., Ste. A | P.O. Box 020848 |
| Northport, AL 35476 | Tuscaloosa, AL 35402-0848 |

Stanley J. Murphy, Esq.
Murphy and Murphy, LLC
P.O. Box 3163
Tuscaloosa, AL 35403