# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **WAYNE WARREN,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 7:16-CV-1666-RDP |
| **ALABAMA DEPARTMENT OF MENTAL HEALTH, et al.,** | } |
| **Defendants.** | } |

## MEDIATION ORDER

This case is appropriate for mediation pursuant to Section IV. B. of this court's Alternative Dispute Resolution Plan, adopted December 1, 1993 (the "Plan"). The parties are **DIRECTED** to proceed promptly to select a mediator from the Court Panel of Neutrals in accordance with the requirements of the Plan or to select an alternate mediator agreed upon by the parties.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator. All aspects of mediation are private, confidential and privileged from process and discovery. The process is treated as a compromise negotiation for purposes of the Federal Rules of Evidence and State Rules of Evidence. The mediator is disqualified as a witness, consultant, attorney, or expert in any pending or future action relating to the dispute, including actions between persons not parties to the mediation process. No subpoenas, citations, writs, discovery paper, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

A current list of the court's Panel of Neutrals who are available for service as mediators is available from the Clerk of the Court or on the court's website at *www.alnd.uscourts.gov*. The parties are to agree upon a mediator within **ten (10) days** of the date on which this order is filed. Once the parties have selected a mediator, they are to notify the court's Courtroom Deputy, Kecia Lightner, at (205) 278-1760. If the parties are unable to agree on a mediator, the court will proceed with Section IV.C.3.b.i. of the Plan. If the parties and mediator cannot agree on a date, the mediator will select a date and the parties shall appear as directed by the mediator.

**Prior to informing the court of the selection of the mediator, the parties should contact the proposed mediator to determine the existence of any potential conflicts of interest and his or her willingness to serve. Unless otherwise agreed by the parties, the costs of mediation shall be borne equally by the parties. See Section IV.B.12.b of the Plan.**

Counsel and the parties shall endeavor in **good faith** to resolve the case through mediation. Each party who is a natural person must be present during the entire mediation. Each party that is not a natural person must be represented at the mediation by a principal, partner, officer, or official with full authority to negotiate a settlement. If one or more insurance companies are necessary to a settlement of the case, a representative from each insurance company with authority to negotiate a settlement shall be present in person during the entire mediation.

An Order sending the parties to mediation does not operate as a stay of the proceedings.[1] When the case is sent to mediation the court will not delay any deadlines set in the court's

---

[1] Although the Northern District of Alabama's ADR Plan provides for a stay of the proceedings during mediation (ADR Plan IV.B.4.), this court does not stay the proceedings for mediation unless extraordinary circumstances exist, and the court enters an order expressly staying the proceedings.

Scheduling Order entered March 1, 2017, (Doc. # 15).  The mediation shall be completed **on or before May 18, 2018**.

Within **ten (10) days** following mediation, the mediator will report to the court only that a settlement was reached or mediation was conducted and no settlement agreements were reached, whether each party acted in good faith to resolve the matter, and nothing more.

**DONE** and **ORDERED** this March 6, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE